# Exhibit B

STATE OF NEW YORK
SUPREME COURT   :   COUNTY OF ERIE

---

CHERYL HARPER
4805 Transit Road Apt. 2404
Depew, New York 14043

                  Plaintiff,

- vs -

TARGET CORPORATION
Store # 2191
4920 Transit Road
Depew, New York 14043

                  Defendant.

---

**SUMMONS**

**IMMEDIATELY TURN THESE PAPERS OVER TO YOUR INSURANCE REPRESENTATIVE YOUR FAILURE TO DO THIS FINANCIAL RESPONSIBILITY IN THIS MATTER**

Index No.: 811612/2022
Date Filed: 2/10/22

**TO THE ABOVE NAMED DEFENDANT:**

    **YOU ARE HEREBY SUMMONED** to Answer the Complaint in this action, and to serve a copy of your Answer, or, if the Summons is not served with a Complaint, to serve a Notice of Appearance, on the Plaintiff's attorneys within 20 days after the service of this Summons, exclusive of the day of service, or within 30 days after completion of service where service is made in any other manner than by personal delivery within the State. In case of your failure to appear or Answer, Judgment will be taken against you by default for the relief demanded in the Complaint.

    **COMPLAINT ENDORSEMENT:** That Plaintiff's Complaint against you is in the amount of: see **WHEREFORE** clauses of Plaintiff's Complaint, together with the costs of this action based on a cause of action for negligence and others.

DATED: February 10, 2022
        Buffalo, New York

                              Joseph A. Todoro, Esq.
                              VERRASTRO & TODORO, LLP
                              Attorneys for Plaintiff
                              The Birge Mansion
                              2 Symphony Circle
                              Buffalo, New York 14201-1340
                              (716) 854-1111

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

---

CHERYL HARPER,

                Plaintiff,

- vs -

TARGET CORPORATION,

                Defendant.

**COMPLAINT**

Index No.: 801612/2022
Date Filed: 2/10/22

---

      The Plaintiff, CHERYL HARPER, by her Attorneys, VERRASTRO & TODORO, LLP for her causes of action against the Defendant, above-named, herein alleges upon information and belief, as follows:

      1.     That each and every cause of action set forth herein falls within one or more of the exceptions set forth in CPLR 1602. That this action and all claims set forth herein fall within one or more of the exceptions set forth in Article 16 of the CPLR and/or as set forth in CPLR §1602 and/or the aforesaid provisions of said Article do not apply to the within action. That this action and all claims set forth herein falls within one or more exceptions set forth in CPLR §1602; §1602(7); §1602(11) and §1601, as to limitations to the doctrine of joint and several liability.

      2.     That at all times hereinafter mentioned, the Plaintiff, CHERYL HARPER, hereinafter referred to as "Plaintiff" was and still is a resident of the County of Erie and State of New York.

      3.     That at all times herein mentioned, the Defendant, TARGET CORPORATION, hereinafter referred to as Defendant, was/were a foreign corporation, limited liability company, limited liability partnership, partnership, division, or other type of business entity, authorized to conduct business in the State of New York and/or in the alternative, was a foreign corporation, limited liability company, limited liability partnership, partnership, division, or other form of business entity, not authorized to conduct business within the State of New York, however, having offices located therein, and/or there-out of the State of New York for the purpose of conducting its business enterprise, and/or was non-resident of the State of New York.

4. That at all times herein mentioned, the Defendant, was/were a domestic corporation, domestic limited liability company, limited liability partnership, partnership, division, or other type of business entity, authorized to conduct business in the State of New York and/or in the alternative, is a foreign corporation, limited liability company, limited liability partnership, partnership, division, or other form of business entity, authorized to conduct business within the State of New York and having offices located therein, and/or there-out of the State of New York for the purpose of conducting its business enterprise.

5. That at all times herein mentioned, the Defendant, did/does regularly solicit business within the State of New York, and did engage in a permanent course of conduct or business which would include, without limitation thereto, use or possession of real property in the State of New York, or contracts anywhere to supply goods or services in the State of New York, and/or further, for the purpose of selling goods, product, services, food, materials or the like, to the public for profit, within the State of New York, and/or in other states within the United States and/or Canada, and as a result thereof, derives substantial revenues gained from goods used or consumed or services rendered and/or otherwise provided in the State of New York.

6. Upon information and belief, presently and at all times hereinafter mentioned, the Defendant, above named, by or through its respective agents, representatives, officers, employees and/or servants, transacts business within the State of New York, or owns, uses or possesses real property in the State of New York, or contracts anywhere to supply goods or services in the State of New York, or committed a tortuous act within the State of New York, or committed a tortuous act without the State of New York, causing injury to person or property within the State of New York and regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenues from goods used or consumed or services rendered, in the State of New York, or expects or should reasonably expect the act to have consequences in the State of New York and derives substantial revenue from interstate or international commerce, and does engage in a permanent course of conduct of owning, managing, maintaining, leasing, renting, servicing various real properties, including property, building, sidewalk, parking lot and adjacent areas located within or without, as part of their business to members of the general public within the State of New York, and/or to various other states within the United States, and each said Defendant, derives substantial revenues from goods and services rendered, sold, and/or distributed in the State of New York.

7. That at all times herein mentioned, the Defendant did/does transact business within the State of New York; and/or did commit a tortuous act within the State of New York and/or did expect or should have reasonably expected the acts or omissions of said Defendant and/or their agents, representatives, officers, employees and/or servants to have consequences in the State of New York, and derive substantial revenue from Interstate or International Commerce; and/or owns, uses or possesses real property located within the State of New York and/or does regularly solicit business or engage in any other persistent course of conduct and/or derives substantial revenue from goods used or consumed or services rendered in the State of New York.

8. Upon information and belief, that for a considerable period of time prior to February 13, 2019, as of that date and continuing thereafter, the Defendant, was/were the owners of certain real property commonly known as 4920 Transit Road, Depew, New York 14043.

9. That on or about February 13, 2019, and for a considerable period of time prior thereto, the Defendant, was doing business as Target Store #2191 located at 4920 Transit Road, Depew, New York 14043.

10. That prior to February 13, 2019, as of that date and continuing thereafter, the real property located at 4920 Transit Road, Depew, New York 14043, was owned and/or operated by the Defendant, as part of their business enterprise, and/or, had located therein, various business entities or tenants whose services were provided to members of the general public and as a part of their business enterprise said Defendant, did provide a property and/or building, herein at all times collectively referred to as part of the "PREMISES" to allow members of the general public and others, to enter and exit said premises for the purpose of, among others, using the product and/or services of one or more of the businesses and tenants located within said premises, and at all times were responsible for and assumed a standard and duty of care, including without limitation thereto a non-delegable duty to have and keep said premises, in a safe condition free from defect, hazard and/or dangerous conditions, fit for it's intended use and purpose.

11. Upon information and belief, at all times herein mentioned, the premises known as 4920 Transit Road, Depew, New York 14043, was and/or is constructed, operated, controlled, owned, possessed, leased, let-out, rented, utilized, inspected, managed, serviced and/or maintained by the Defendant.

3

12. That on or about February 13, 2019, and for a considerable period of time prior thereto, the above-named Defendant did owe to the members of the general public and the Plaintiff, in particular, a non-delegable duty to maintain said the aisles, walkways, entranceway and/or exit way and/or adjacent areas, located on said PREMISES in a safe condition, free from defects, hazards or dangerous/unsafe conditions.

13. That prior to and/or on or about February 13, 2019, the said Plaintiff, was legally and lawfully on the PREMISES of the above-named Defendant.

14. On or about February 13, 2019, the Plaintiff was legally and lawfully shopping on the interior portion of the premises known as 4920 Transit Road, Depew, New York 14043, when an she was caused, through no fault of her own, to trip, twist and/or violently fall to the ground, sustaining severe and permanent injuries to Plaintiff as more particularly set forth herein.

15. That for a considerable period of time prior to February 13, 2019, as of that date and continuing thereafter, in furtherance of the business of said Defendant, said Defendant derived a special use and/or benefit from the real property and/or premises, located at or about 4920 Transit Road, Depew, New York 14043.

16. That for a considerable period of time prior to February 13, 2019, as of that date and continuing thereafter, the above-named Defendant, had a non-delegable duty at all times to maintain the real property and/or premises, located at or about 4920 Transit Road, Depew, New York 14043 in general, free from defect and fit for its intended use and purpose.

17. The amount of damages sought in this action exceeds the jurisdictional limits of all lower Courts, which would otherwise have jurisdiction.

**AS AND FOR A FIRST CAUSE OF ACTION PLAINTIFF HEREIN ALLEGES:**

18. The Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "17", inclusive, of this Complaint, as if herein fully set forth and fully re-alleged.

19.     That prior to February 13, 2019, as of that date and continuing thereafter, the real property and premises located at 4920 Transit Road, Depew, New York 14043, was owned and/or operated by the Defendant, as part of their business enterprise, and/or, had located therein, various business entities or tenants whose services were provided to members of the general public and as a part of their business enterprise said Defendant, did provide a property and/or building, to allow members of the general public and others, to enter and exit said premises for the purpose of, among others, using the product and/or services of one or more of the businesses and tenants located within said premises, and at all times were responsible for and assumed a standard and duty of care, including without limitation thereto a non-delegable duty to have and keep said premises, in a safe condition free from defect, hazard and/or dangerous conditions, fit for it's intended use and purpose.

20.     That upon information and belief, that at all times herein mentioned and prior thereto, the Defendant, by and through its officers, agents, representatives, servants and/or employees, had/have invited members of the general public, to utilize said premises for services and/or for the purpose of purchasing products, goods and the like.

21.     That on or about February 13, 2019, the Plaintiff, was lawfully and properly on said premises when she was caused, through no fault of her own, to trip, twist and/or violently fall to the ground as a direct result of a defective, and/or hazardous condition that did exist on the premises for a considerable amount of time prior to the subject incident, and Plaintiff did suffer and sustain serious bodily injuries as are hereinafter alleged through the negligence, recklessness and/or carelessness conduct of the Defendant, by and through its officers, agents, servants, representatives and/or employees.

22.     That the Defendant, by and through its officers, agents, servants, representatives and/or employees, were negligent, careless and/or reckless in that they failed to adequately and properly service, maintain and/or inspect said premises.

2-25-2022         000389505G0001         6020220225025388

https://www.sedgwicksir.com/EditorHTML5/printModule.html         3/7/2022

23. That the Defendant, had actual and/or constructive notice of said dangerous, unsafe and/or defective condition on the premises; that, upon information and belief, the said Defendant, by and through its officers, agents, servants, representatives and/or employees, had notice and/or knowledge of the existence of the dangerous, unsafe and/or defective condition by reason of their creation of the same and/or by reason of the significant period of time wherein the dangerous, unsafe and/or defective condition did exist on said premises prior to the occurrence of the accident that is the subject of this action and/or failed to warn Plaintiff of same.

24. That the Defendant, by and through its officers, agents, servants, representatives and/or employees, were negligent, careless and/or reckless in that they allowed said dangerous, unsafe and/or defective condition of said premises to exist in and upon a surrounding area which they knew or should have known would be utilized by the general public and this Plaintiff in particular.

25. That the injuries to the Plaintiff, were caused without any fault or want of care on the part of the said Plaintiff, but solely by reason of the negligence, carelessness and/or recklessness of the said Defendant, by and through its officers, agents, servants, representatives and/or employees.

26. That upon information and belief, the negligence, carelessness and/or recklessness of the said Defendant, by and through its officers, agents, servants, representatives and/or employees, includes, but is not limited to, the following:

    a) Causing and permitting the aforesaid premises, to become and remain in a dangerous, unsafe and/or defective condition;

    b) Causing and permitting the aforesaid premises, so as to become dangerous, unsafe and/or defective for use by members of the general public and the Plaintiff in particular;

    c) With notice and knowledge of the use of the aforesaid premises by members of the general public and particularly the Plaintiff, said Defendant, by and through its officers, agents, servants, representatives and/or employees, failed to take proper and adequate measures to prevent, correct and/or eliminate the dangerous, unsafe and/or defective conditions in and on said premises;

d) With notice and knowledge as aforesaid, said Defendant, by and through its officers, agents, servants, representatives and/or employees, failed to take proper and adequate measures to protect the rights and safety of the said Plaintiff using the aforesaid premises and/or failed to eliminate the dangerous, unsafe and/or defective conditions and allowed the same to continue to exist;

e) With notice and knowledge as aforesaid, the said Defendant by and through its officers, agents, servants, representatives and/or employees, failed to take adequate and proper measures to protect the rights and safety of persons lawfully in and on the premises and, in particular, the Plaintiff, all in a manner in violation of the laws, rules, regulations and/or ordinances of the Town of Depew and the Laws of the State of New York as therein made and provided;

f) Failed to provide proper and sufficient employees or hire other individuals to prevent, correct, rectify and/or eliminate the dangerous, defective and unsafe conditions in and on said premises through the use of proper manpower and/or equipment and materials;

g) Failed to give this Plaintiff any notice or warning, by sign or otherwise, of the dangerous, unsafe and/or defective conditions;

h) In negligently, carelessly and/or recklessly creating and/or allowing said dangerous, unsafe and/or defective conditions in and on said premises;

i) Failed to close off or barricade the section of the premises containing the defective and unsafe condition and/or whereon they had created and/or allowed to exist the said dangerous, unsafe and/or defective conditions;

j) Failed to provide proper supervision, maintenance and/or training of their agents, servants and/or employees;

k) That the above named Defendant, by and through its officers, agents, servants, representatives and/or employees, negligently, carelessly and/or with reckless disregard for the safety of others, caused, created and/or enhanced the dangerous, defective and unsafe conditions as aforesaid;

l) That the above named Defendant, by and through its officers, agents, servants, representatives and/or employees, knew or with the exercise of reasonable care and inspection, should have known of the dangerous, defective and unsafe conditions that had existed for a period of time prior thereto and were continuing to exist as of the date this accident occurred.

27. That as a proximate result of the negligence, carelessness and/or recklessness of the said Defendant, by and through its officers, agents, servants, representatives and/or employees, as aforesaid, the Plaintiff, CHERYL HARPER, was caused to suffer and sustain severe personal and permanent injuries and damages, among others, in and to the body of Plaintiff and Plaintiff has been required to seek medical attention and care in the treatment of injuries and to incur expense therefore, and was caused to become sick, sore, lame and/or disabled by reason of her said injuries, and has been or may suffer losses of wages and earning capacity by reason thereof, and was caused to suffer great physical pain and emotional pain and mental anguish and distress, all to Plaintiff's damage in an amount which exceeds the jurisdictional limits of all Courts lower than the Supreme Court.

28. Plaintiff's claim against Defendant is limited to bodily injury, non-economic losses, conscious pain and suffering, economic damages and others. Plaintiff is not seeking reimbursement for expenses otherwise covered by insurance. Plaintiff's claims do not seek recovery in connection with any potential subrogation rights of any individuals, corporations, insurance carriers or other entities.

### AS AND FOR A SECOND CAUSE OF ACTION:

29. Plaintiffs repeat and re-allege each and every paragraph of this Complaint numbered "1" through "28", inclusive, with the same force and effect as if the same have been fully set forth and re-alleged herein.

30. That above named Defendant was negligent in its screening, hiring providing, and/or training of the aforesaid agents, servants, officers, representatives and/or employees, and at all times were responsible for and assumed a standard and duty of care, including without limitation thereto a non-delegable duty to screen, hire, train and/or provide their respective agents, servants, officers, representatives and/or employees, so as to have and keep said premises, in a safe condition free from defect, hazard and/or dangerous conditions, fit for it's intended use and purpose.

31. That as a proximate result of the negligence, carelessness and/or recklessness of the said Defendant, by and through its officers, agents, servants, representatives and/or employees, as aforesaid, the Plaintiff, CHERYL HARPER, was caused to suffer and sustain severe personal and permanent injuries and damages, among others, in and to the body of Plaintiff and Plaintiff has been required to seek medical attention and care in the treatment of injuries and to incur expense therefore, and was caused to become sick, sore, lame and/or disabled by reason of her said injuries, and has been or may suffer losses of wages and earning capacity by reason thereof, and was caused to suffer great physical pain and emotional pain and mental anguish and distress, all to Plaintiff's damage in an amount which exceeds the jurisdictional limits of all Courts lower than the Supreme Court.

32. Plaintiff's claim against Defendant is limited to bodily injury, non-economic losses, conscious pain and suffering, economic damages and others. Plaintiff is not seeking reimbursement for expenses otherwise covered by insurance. Plaintiff's claims do not seek recovery in connection with any potential subrogation rights of any individuals, corporations, insurance carriers or other entities.

**WHEREFORE**, the Plaintiff, CHERYL HARPER, on her cause of action against the Defendant, TARGET CORPORATION, demands damages and judgment in an amount, which exceeds the jurisdictional limits of all Courts lower than the Supreme Court.

**WHEREFORE**, the Plaintiff, CHERYL HARPER, demands Judgment against the Defendants, TARGET CORPORATION, for an amount which exceeds the jurisdictional limits of all Courts lower than the Supreme Court, together with fees, costs and disbursements of this action, together with such other and further relief as to the Court may seem just and proper.

DATED:	February 10, 2022
	Buffalo, New York

_____
Joseph A. Todoro, Esq.
VERRASTRO & TODORO, LLP
Attorneys for Plaintiff
Office and Post Office Address
2 Symphony Circle
Buffalo, New York 14201
(716) 854-1111

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE
---------------------------------------------------------------x
CHERYL HARPER

                              Plaintiff/Petitioner,

        - against -                                  Index No. 801612/2022
TARGET CORPORATION

                              Defendant/Respondent.
---------------------------------------------------------------x

### NOTICE OF ELECTRONIC FILING
### (Consensual Case)
### (Uniform Rule § 202.5-b)

**You have received this Notice because:**

1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

2) You are a Defendant/Respondent (a party) in this case.

- **<u>If you are represented by an attorney</u>:**
  Give this Notice to your attorney. (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **<u>If you are not represented by an attorney</u>:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **<u>If</u> you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

  The **benefits of participating in e-filing** include:

  - serving and filing your documents electronically
  - free access to view and print your e-filed documents
  - limiting your number of trips to the courthouse
  - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit:  <u>http://www.nycourts.gov/efile-unrepresented</u>  or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at <u>www.nycourts.gov</u>

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**

An attorney representing a party who is served with this notice must either consent or decline consent to electronic filing and service through NYSCEF for this case.

Attorneys registered with NYSCEF may record their consent electronically in the manner provided at the NYSCEF site. Attorneys not registered with NYSCEF but intending to participate in e-filing must first create a NYSCEF account and obtain a user ID and password prior to recording their consent by going to www.nycourts.gov/efile

Attorneys declining to consent must file with the court and serve on all parties of record a declination of consent.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: 29/10/22

Joseph A. Todoro, Esq.
Name
Verrastro & Todoro, LLP

Firm Name

2 Symphony Circle
Address

Buffalo, New York 14201

716-854-1111
Phone

jat@vtinjuryattorneys.com
E-Mail

To: Target Corporation

Store #2191, 4920 Transit Rd.

Depew, New York 14043

6/6/18

| Index # | Page 2 of 2 | EF-3 |
|---|---|---|
| 2-25-2022 | 000389505G0001 | 6020220225025388 |